IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER SEVEN |
|---|---|---|
| MOUNT LAUREL CEMETERY ASSOCIATION, | : | BANKRUPTCY NO.: 5-05-bk-56082 |
| DEBTOR | : | |
| RABBI DAVID H. DOMBEK, PRESIDENT FOR BET SHAVEI-TZION INTERNATIONAL | : | {**Nature of Proceeding**: Defendant's Motions to Dismiss Complaint} |
| PLAINTIFF/INTERVENER | : | |
| vs. | : | |
| BROWN BARK, I, L.P. | : | **ADVERSARY NO.: 5-07-ap-50067** |
| DEFENDANT | : | **ADVERSARY NO.: 5-07-ap-50094** |

# **OPINION**[1]

Defendant, Brown Bark, I, L.P., hereinafter "Defendant" has filed the instant Motion to Dismiss the above-captioned adversary proceeding.[2] The Motion to Dismiss raises several defenses to the adversaries but because I find I lack jurisdiction to dispose of the underlying adversaries, I will address only the jurisdictional defense raised by the Motions to Dismiss. In support of my finding that I lack jurisdiction to resolve the underlying adversaries, I offer in support the following.[3]

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[2] The Court notes that the Plaintiff is proceeding in this adversary in a pro se status. For reasons that are not fully articulated on the record, the pro se Plaintiff filed a virtual identical Complaint docketed to adversary number 5-07-ap-50094 *(Rabbi David H. Dombek, President for Bet Shavei-Tzion International v. Brown Bark I, L.P.)*. This Opinion and Order will address and dispose of both adversaries.

[3] I will not set forth at this point the substantive allegations of the underlying adversaries which, at best, can be summarized as tedious and arduous to read. Suffice it to say, I have determined that the

28 U.S.C. § 157(b)(1) provides as follows:

> Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

Subsection 157(b)(2) provides a non-exclusive list of those matters deemed to be core proceedings.

> "The term 'core' is not defined in the statute. However, the Court of Appeals of the Third Circuit has stated: 'a proceeding is core under section 157 if it invokes a substantive right provided by [T]itle 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *Matter of Delaware & Hudson Ry. Co.*, 122 B.R. 887, 890 (D.Del. 1991) *citing Beard v. Braunstein*, 914 F.2d 434, 444 (3rd Cir. 1990) *quoting Matter of Wood*, 825 F.2d 90 (5th Cir. 1987).

The *Matter of Delaware & Hudson Ry. Co.* Court, *supra*., at p. 890 further provides that:

> "`[t]o be a core proceeding, an action must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment although of necessity there may be a peripheral state law involvement.'" *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities*, 107 B.R. 34, 40 (1989) [hereinafter *Orange & Rockland*] (*quoting Acolyte Elec. Corp.*, 69 B.R. 155, 173 (E.D.N.Y. 1986).

Concerning non-core matter, we find the following in 28 U.S.C. § 157(c)(1):

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo

---

matters can be, and should be, litigated in an appropriate state court forum.

those matters to which any party has timely and specifically objected.

As to actions which are non-core but, nevertheless, "related to", the leading case of *Pacor v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) provides the following language:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. E.g., In re Hall*, 30 B.R. at 802; *In re General Oil Distributors, Inc*., 21 B.R. 888, 892 n. 13 (Bankr.E.D.N.Y. 1982); *In re U.S. Air Duct Corp*., 8 B.R. 848, 851 (Bankr.N.D.N.Y. 1981); 1 Collier on Bankruptcy ¶ 3.01 at 3-49. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.
>
> On the other hand, the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1471(b). Judicial economy itself does not justify federal jurisdiction. See generally *Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). "[J]urisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist." *In re Haug*, 19 B.R. 223, 224-25 (Bankr.D.Ore. 1982); See also *In re McConaghy*, 15 B.R. 480, 481 (Bankr.E.D.Va. 1981) (Bankruptcy court lacks jurisdiction to decide disputes between third parties in which the estate of the debtor has no interest).

Additionally, on page 994, the *Pacor* Court writes "The jurisdiction of the bankruptcy courts to hear cases related to bankruptcy is not without limit, however, and there is a statutory, and eventually constitutional, limitation to the power of a bankruptcy court. For subject matter jurisdiction to exist, therefore, there must be some nexus between the 'related' civil proceeding and the title 11 case." (Citations omitted.)

The concept of "related to" jurisdiction is narrower than pendent jurisdiction. See *In re Carbiz, Ltd. d/b/a All Star Imports*, slip op. Judge Woodside, M.D. Pa., January 15,

1993, *citing In re Bobroff*, 766 F.2d 797, 802 (3rd Cir. 1985). *In re Carbiz* further provides at page 8 that "as used in the test to determine 'related to' jurisdiction, the term 'conceivably' is a 'term of art,' which 'must be tempered by a measure of reasonableness'". *Citing Grant Paper Co. v. Communicraft, Inc. (In re Citywide Press, Inc.)*, 107 B.R. 68, 70 (Bankr.E.D.Pa. 1989) *quoting In re Chargit, Inc.*, 81 B.R. 243, 247 (Bankr.S.D.N.Y. 1987).

The determination of whether the underlying actions are core or non-core initially goes to this Court's jurisdiction under 28 U.S.C. § 157 and the procedures this Court may follow to a final determination of those matters.

Both adversaries question the validity of a mortgage and lien between the Plaintiff and Defendant. The Defendant has drawn our attention to certain paragraphs of the Complaints which support my determination that the Complaints do not raise core issues. Paragraph 35 acknowledges that none of the Plaintiff's property is part of the Debtor's estate. Paragraph 42 indicates that Plaintiff is not a party to the above-captioned bankruptcy, and that the Plaintiff is also not in bankruptcy. A reading of the Complaints leads me to find that the averments of the Complaints neither invoke substantive rights provided under Title 11 nor do they present a proceeding which, by their nature, could arise only in the context of a bankruptcy case. I, therefore, find I do not have core jurisdiction of the underlying adversaries.

I also find that I have no related-to jurisdiction to render a decision because the Complaints do not create a sufficient nexus between the averments of the Complaints and the underlying bankruptcy estate. At best, Plaintiff may be a co-obligor on certain debts between the Debtor and the Defendant, but this is not sufficient to place related-to

jurisdiction with this Court.

Based upon the foregoing, I will grant the Motions to Dismiss both of the aforementioned adversary proceedings. Furthermore, I will deny all other pending motions within the adversaries, with one exception. I grant the Motion of the Plaintiff to be refunded the filing fee paid in adversary number 5-07-ap-50067 and the Clerk is directed to effectuate that refund.

An Order will follow.

Date: October 12, 2007

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*